### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### AT MEMPHIS

| | | |
|---|---|---|
| LB HIGGINBOTHAM, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | No. _____ |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | |
| COMPANY, | * | |
| | * | |
| Defendant | * | |

### NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, by and through counsel, pursuant to 28 U.S.C. §§ 1441, 1446(b)(3), and 1332, hereby gives notice that it is removing this civil action from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee at Memphis.

1.      On June 10, 2021, the Plaintiff, LB Higginbotham, commenced this civil action, Docket No. CT-2316-21, against the Defendant in the Circuit Court of Shelby County, Tennessee. Attached hereto as **Exhibit A** is a copy of the Complaint filed in state court which represents the entire contents of the state court file.

2.      Pursuant to 28 U.S.C. § 1446(b)(1), the Defendant is timely removing this action to the United States District Court for the Western District of Tennessee at Memphis, as it is being removed within 30 days after service of summons or 30 days of first notice, whichever occurred first.

3.      Upon information and belief, the Plaintiff is a citizen and resident of Shelby County, Tennessee. [See Exhibit A, ¶1]

4.      The Defendant is a corporation organized and existing under the laws of Illinois with its principal place of business in the State of Illinois.

1

5.      The Plaintiff's Complaint alleges that the Defendant failed to make applicable payments under his Insurance Policy, Policy No. 42-BW-X963-3, following water damage to the Property located at 1449 Haywood Avenue, Memphis, Tennessee 38127-5305 ("Property").

6.      The Plaintiff seeks damages against the Defendant for breach of contract and bad faith pursuant to Tenn. Code Ann. § 56-7-105.[1] Specifically, the Plaintiff claims that the Defendant has failed to inform Plaintiff of his rights under the Policy, failed to attempt in good faith to settle Plaintiff's claim, failed to conduct a reasonable investigation into Plaintiff's loss prior to refusing to pay, failed to provide Plaintiff with a full and accurate explanation for its refusal to pay and refused to pay Plaintiff's claim for its own financial preservation.  [*See* **Exhibit A**]

7.      The Plaintiff's Complaint fails to properly include an ad damnum clause under the "Relief Sought" section as is required under Tenn. R. Civ. P. 8.01(2). Rather, the Plaintiff lists his damages for "costs to repair the damage to the Property in an amount to be determined by the trier of fact, but in any event **for not less than fifty thousand dollars** ($50,000.00)," and for "consequential damages" and "attorney's fees and costs." [*See* **Exhibit A**] (emphasis supplied).

8.      Based on the Plaintiff's claims for breach of contract, the bad faith penalty and attorney's fees, it is more likely than not that the amount in controversy exceeds $75,000.00. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)) ("A disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon

---

[1] Pursuant to Tenn. Code Ann. § 56-7-105(a):

The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, **shall be liable to pay the holder of the policy** or fidelity bond, **in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss**…

Tenn. Code Ann. § 56-7-105(a) (emphasis supplied).

a demonstration that damages are 'more likely than not' to 'meet the amount in controversy requirement.'").

9.      This Court has jurisdiction over the claims in the Complaint pursuant to 28 U.S.C. § 1332 (diversity). The requisite diversity of citizenship exists, as provided for in 28 U.S.C. § 1332, because there is complete diversity between the Plaintiffs and the Defendant, and the jurisdictional amount in controversy is more likely than not going to exceed $75,000.00.

10.     This Notice of Removal is being filed within 30 days of servicce of summons or first notice, whichever occurred first. 28 U.S.C. § 1446(b)(1).

11.     Pursuant to 28 U.S.C. § 1446(d), the Defendant will promptly give notice of this removal to the clerk of the Shelby County Circuit Court and to counsel for the Plaintiff, effecting removal pursuant to 28 U.S.C. § 1446(b)(1).  A copy of the state court notice is attached hereto as **Exhibit B**.

12.     By removing this action, the Defendant does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

**WHEREFORE**, the Defendant requests that further proceedings of the Shelby County Circuit Court be discontinued and that this action be removed in its entirety to the United States District Court for the Western District of Tennessee.

**KAY|GRIFFIN, PLLC**

By:/s/Matthew J. Evans
　　　Matthew J. Evans　　　　　BPR #017973
　　　900 S. Gay Street, Suite 1810
　　　Knoxville, Tennessee   37902
　　　(865) 314-8422
　　　*Attorneys for Defendant*

3

## **CERTIFICATE OF SERVICE**

I certify that on the 9th day of July 2021 the foregoing *Notice of Removal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

Alex S. Fisher, Esq.
Morgan& Morgan- Nashville
810 Broadway, Suite 105
Nashville, TN  37203


/s/ Matthew J. Evans
Matthew J. Evans