## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## AT MEMPHIS

| | |
|---|---|
| LB HIGGINBOTHAM, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *  No. 2:21-cv-02460 |
| | * |
| STATE FARM FIRE AND CASUALTY COMPANY, | * |
| | * |
| | * |
| Defendant | * |

### ANSWER OF STATE FARM FIRE AND CASUALTY COMPANY

Comes your Defendant, State Farm Fire and Casualty Company, by and through counsel, and would answer the Plaintiff's *Complaint* as follows:

### PARTIES

1. Admitted.

2. Admitted.

### JURISDICTION AND VENUE

3. It is admitted that this claim arises as a result of an alleged covered loss at the property of the Plaintiff located at 1449 Haywood Avenue, Memphis, Tennessee.

4. It is admitted that venue is appropriate for the United States District Court for the Western District of Tennessee at Memphis.

5. It is admitted that this Court has jurisdiction in this matter pursuant to diversity of the citizenship of the parties.

### FACTS

6. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6. As such, those allegations are denied and strict proof is demanded.

7. Admitted.

8. It is admitted that the Plaintiff allegedly discovered water damage at the property on or about June 15, 2020. The policy was in effect.

9. Admitted.

10. The allegations contained in paragraph 10 are denied and strict proof is demanded.

11. The allegations contained in paragraph 11 are denied and strict proof is demanded.

12. The allegations contained in paragraph 12 are denied and strict proof is demanded.

13. It is admitted that the 60-day letter was submitted to Defendant. It is denied that the Plaintiff is entitled to payment as demanded in the letter.

14. The allegations contained in paragraph 14 are denied and strict proof is demanded.

15. The allegations contained in paragraph 15 and its distinct subparts (a) through (e) are denied and strict proof is demanded.

16. The allegations contained in paragraph 16 are denied and strict proof is demanded.

## CAUSES OF ACTION AGAINST DEFENDNT STATE FARM

## COUNT ONE:  BREACH OF CONTRACT

17. To the extent there are allegations of negligence, liability, breach of contract and/or bad faith or any other theory of liability against the Defendant in the preceding paragraphs, those allegations are denied and strict proof is demanded.

18. The allegations contained in paragraph 18 are denied and strict proof is demanded.

19. The allegations contained in paragraph 19 are denied and strict proof is demanded.

## COUNT TWO:  BAD FAITH REFUSAL TO PAY PURSUANT TO T.C.A. § 56-7-105

20. To the extent there are allegations of negligence, liability, breach of contract and/or bad faith or any other theory of liability against the Defendant in the preceding paragraphs, those allegations are denied and strict proof is demanded.

21. The allegations contained in paragraph 21 are denied and strict proof is demanded.

22. It is admitted that the Plaintiff made a formal demand for payment to the Defendant by letter dated March 17, 2021. It is denied that there was a basis for payment under the policy and strict proof is demanded as to those claims.

23. It is admitted that the Defendant denied this claim and did not pay for the coverages being demanded by the Plaintiff. Defendant bases this upon the conditions, exclusions and conditions precedent found in the policy of insurance between the parties.

24. The allegations contained in paragraph 24 are denied and strict proof is demanded.

25. The allegations contained in paragraph 25 are denied and strict proof is demanded.

**DAMAGES**

26. To the extent there are allegations of negligence, liability, breach of contract and/or bad faith or any other theory of liability against the Defendant in the preceding paragraphs, those allegations are denied and strict proof is demanded.

27. The allegations contained in paragraph 27 and its distinct subparts (a) through (c) are denied and strict proof is demanded.

For further affirmative defense, Defendant would state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant relies upon all defenses available to it under the Tennessee Bad Faith Statute, Tennessee Code Annotated § 56-7-105. Defendant complied with its duties under § 56-7-105 and did not act in bad faith.

3. Defendant relies upon the provisions of the insurance contract between the parties and would show that it governs the damages and/or claims that can be exerted against it. Defendant would further note that the Plaintiff has not complied with all provisions of the Policy. As such, the Plaintiff's claims must be dismissed.

Now, after fully answering the Plaintiff's *Complaint*, Defendant would move that this action be dismissed with full prejudice as to the refiling with the costs assessed to the Plaintiff. Alternatively, State Farm requests that a jury of its peers be seated for trial of this matter.

Respectfully submitted, this the 12th day of July 2021.

**KAY|GRIFFIN, PLLC**

By: /s/Matthew J. Evans
Matthew J. Evans        BPR #017973
900 S. Gay Street, Suite 1810
Knoxville, Tennessee  37902
(865) 314-8422
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of July 2021 the foregoing *Answer of State Farm Fire and Casualty Company* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

Alex S. Fisher, Esq.
Morgan& Morgan- Nashville
810 Broadway, Suite 105
Nashville, TN  37203

/s/ Matthew J. Evans
Matthew J. Evans